IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Stritzinger, Plaintiff, | ) | C/A No. 3:14-2409-TLW-PJG |
| v. | ) | |
| Bank of America; Vernon Wright, Defendants. | ) | **REPORT AND RECOMMENDATION** |

The plaintiff, John Stritzinger ("Plaintiff"), a self-represented litigant, brings this action alleging claims associated with the defendants' purported interference with Plaintiff's "professional and business life." (ECF No. 1 at 3.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2.) Having reviewed the Complaint and motion to proceed *in forma pauperis* in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process and Plaintiff's motion to proceed without prepayment of the filing fee should be denied.

## I. Procedural Background

Plaintiff filed an unsigned Complaint (ECF No. 1 at 4) and an incomplete Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO-240), which the court construed as a Motion for Leave to Proceed *in Forma Pauperis.* (ECF No. 2.) On July 22, 2014, the court issued an order directing Plaintiff to sign his Complaint, provide a fully completed Form AO-240, and provide the service documents necessary to advance this case. (ECF No. 15.) The order warned Plaintiff that his failure to comply with the order within the time permitted would



PJG

subject his case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure. (Id. at 1.) Plaintiff responded to the order by filing a motion to consolidate this case with another action filed in this court and a motion to file documents electronically. (ECF No. 18.) However, Plaintiff did not comply with the order's directives or provide the information necessary for initial review of the case. By order issued on August 22, 2014, the court allowed Plaintiff one final opportunity to bring this case into proper form. (ECF No. 25.) The order additionally directed Plaintiff to sign motions[1] filed in this case and to answer special interrogatories. (Id. at 2.) Plaintiff was again cautioned that failure to comply with the court's directives within the specified time period could result in dismissal of the case. (Id. at 1.) In response to the order, Plaintiff filed summonses and answers to the court's special interrogatories. (ECF Nos. 27, 28.) However, Plaintiff still failed to: (1) provide a signed copy of the Complaint; (2) fully complete his Form AO-240; (3) provide all of the service documents necessary to advance the case; and (4) provide signed copies of his motions.

## II. Discussion

### A. Motion to proceed *in forma pauperis*

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. See Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 337-44 nn.5-10 (1948). Further, "there are no 'magic formulas' for making the determination

---

[1] Many of Plaintiff's motions (ECF Nos. 10, 13, 18) were submitted with an electronic signature rather than an original signature, contrary to this district's electronic case filing policies and procedures. See Electronic Case Filing Policies and Procedures DSC §§ 1.3, 1.11, 3.3 (May 12, 2006).



PJG

that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation." Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976) (citation omitted). Citing Adkins and cases in the Third and Fifth Judicial Circuits, Carter set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a): "Is petitioner barred from the Federal Courts by reason of his impecunity? Is access to the courts blocked by the imposition of an undue hardship? Is petitioner forced to contribute his last dollar, or render himself destitute to prosecute his claim?" Carter, 452 F. Supp. at 943 (citations omitted).

Upon review of the information before the court, and mindful of the tests set forth in Carter, the court concludes that Plaintiff has failed to provide sufficient information to demonstrate that he would be rendered destitute by being required to pay the filing costs of $400 (which includes the $50 administrative fee), and there is no indication that requiring payment of these costs would impose an undue hardship or effectively block Plaintiff's access to the courts. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." Brewster v. N. Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Therefore, Plaintiff's motion should be denied. (ECF No. 2.)

**B. Failure to prosecute or comply with an order of this court**

As indicated above, Plaintiff has failed to fully comply with two orders issued by this court and has failed to provide the necessary information and paperwork to accomplish review and possible service of process under 28 U.S.C. § 1915. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve



PJG

the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted).

In the instant action, Plaintiff is proceeding *pro se*; therefore, he is solely responsible for his refusal to comply with the court's orders. Further, because Plaintiff has twice failed to fully comply with an order of this court, it does not appear that any sanction less drastic than dismissal is available. Therefore, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (finding that dismissal of a suit did not constitute abuse of discretion where the plaintiff "failed to respond to a specific directive from the court"). Because the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.

## III. Conclusion

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied. (ECF No. 2.) If the district judge accepts this recommendation, Plaintiff would have fourteen days from the date of the order denying *in forma pauperis* status to submit the required filing fee. If Plaintiff fails to pay the filing fee within the specified time period it is recommended that the case be dismissed without prejudice. However, as Plaintiff has failed to



PJG

prosecute this case and has failed to fully comply with the orders of this court, it is recommended that the Complaint be dismissed without prejudice even if the filing fee is submitted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 23, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).